IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Gregory GRAMLING, Jr., Attorney at Law.

Supreme Court

*No. 82–776–D. Filed March 9, 1983.*
(Also reported in 330 N.W.2d 602.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

On April 21, 1982, the Board of Attorneys Professional Responsibility (Board) filed a complaint alleging eight counts of unprofessional conduct against Gregory M. Gramling, Jr., an attorney admitted to practice in Wisconsin in 1957 and who practices in Milwaukee. The complaint alleged that in the course of his handling of the probate of an ancillary estate commenced in early 1978, the respondent did not file the appropriate income tax return with the state department of revenue, despite his representations that he would do so; that in the probate of an estate he was retained to handle in late 1975, the respondent failed to file the appropriate certificate determining inheritance tax, despite his representations that he would do so; that the respondent repeatedly delayed in the probate of an estate commenced in 1974, resulting in a substitution of attorneys; that in an estate he was retained to commence in early 1976, the respondent did not file the Wisconsin inheritance tax return until May 15, 1980, and the final account and

final judgment were not filed until May 23, 1980, and June 16, 1980, respectively; that in an estate, the probate of which the respondent was retained to commence in March of 1976, the judgment on claims was not filed until October 22, 1979, the final account was not filed until November 22, 1979, and the receipt for final distribution and the final judgment, which had been signed on November 5, 1979, were not filed until November 4, 1980; that in a personal bankruptcy proceeding which the respondent was retained to commence on September 27, 1979, for which the respondent had been paid a retainer, there was no progress being made on the proposed bankruptcy and no action had been taken to process the petition as of June 4, 1980; that in a matter in which the respondent was retained in September of 1980 to commence a divorce proceeding, for which he was paid $300, the divorce petition had not been filed and no action had been taken on the matter as of February, 1981; that despite repeated requests from the Board to respond, the respondent failed to submit any explanation of these matters.

We referred the matter to the Honorable Franklin W. Clarke as referee, pursuant to SCR 21.09(4). On May 14, 1982, the respondent filed an answer in which he denied that he was guilty of unprofessional conduct in the matters alleged, and on September 11, 1982, the respondent and counsel for the Board entered into a stipulation by the terms of which the allegations of the first five counts of the complaint were accepted as true and it was agreed that the referee was to make findings, conclusions and a recommendation for discipline on the basis of those allegations without additional proof or evidence. The remaining counts of the complaint were the subject of a formal hearing on October 6 and 15, 1982.

The referee filed his report and recommendation with the court on January 25, 1983, in which he concluded

that the evidence did not support the allegations of unprofessional conduct in three of the estate matters. As to the other counts, the referee found that the respondent had received repeated requests from the state revenue department to file an inheritance tax return, which the respondent promised to do at various dates extending from 1976 to July of 1978, but which he had not done as of May 16, 1979, thereby failing to seek the lawful objectives of a client through reasonably available means permitted by law, in violation of SCR 20.35(1)(a); that the respondent neglected the probate of the estate commenced in 1974, in violation of SCR 20.32(3) and 20.35 (1)(a); that the respondent failed to return his client's telephone calls and failed to report to him in writing of the reasons for the lack of progress in the bankruptcy matter, in violation of SCR 20.35(1)(a); that the respondent failed to communicate with his client as to the progress of the divorce action, after she had made repeated requests for him to telephone her, in violation of SCR 20.35(1)(a); and that the respondent failed to cooperate with the Board as to each count by failing to respond to communications requesting a response to the grievances filed with the Board, in violation of SCR 22.07(2). The referee recommended that the respondent be publicly reprimanded for his unprofessional conduct and that he be ordered to pay the costs of the disciplinary proceeding.

We hereby adopt the findings, conclusions and recommendation of the referee.

IT IS ORDERED that Gregory M. Gramling, Jr., is publicly reprimanded for his unprofessional conduct in the above matters.

IT IS FURTHER ORDERED that within 120 days of the date of this order the respondent pay to the Board of Attorneys Professional Responsibility the costs of this

disciplinary proceeding in the amount of $5,302.92, provided that if payment is not made within the time specified, the license of Gregory M. Gramling, Jr., to practice law in Wisconsin shall be suspended forthwith.