IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Gregory GRAMLING, Jr., Attorney at Law.

Supreme Court

*No. 93–1332–D. Filed December 6, 1993.*

(Also reported in 508 N.W.2d 392.)

PER CURIAM. *Attorney disciplinary proceed-ing; attorney's license suspended.*

We review the recommendation of the referee that the court suspend the license of Attorney Gregory Gramling, Jr. to practice law in Wisconsin for six months as discipline for professional misconduct. That misconduct consisted of his neglect of a client's legal matter, his failure to communicate with his client concerning that matter and his failure to cooperate with the Board of Attorneys Professional Responsibility's

(Board) investigation into his conduct in that matter and the Board's inquiries concerning his filing of tax returns.

We determine that the recommended six-month license suspension is appropriate discipline to impose for Attorney Gramling's professional misconduct considered in this proceeding. This is the third time Attorney Gramling is being disciplined for the same kinds of misconduct. In addition to constituting an appropriate response to the seriousness of his misconduct, the six-month license suspension will require Attorney Gramling to establish to the satisfaction of the court that he is fit to have his license to practice law reinstated.

Attorney Gramling was licensed to practice law in Wisconsin in 1957 and practices in Milwaukee. In 1983 the court publicly reprimanded him for failing to timely file an inheritance tax return in an estate, neglecting the probate of that estate, failing to return a bankruptcy client's telephone calls inquiring into the bankruptcy matter, failing to communicate with a client in a divorce matter and failing to cooperate with the Board investigating client grievances. *Disciplinary Proceedings Against Gramling*, 111 Wis. 2d 389, 330 N.W.2d 602. In 1992 the Board publicly reprimanded him for failing to respond to client requests for information in a legal matter and failing to respond to the client's successor counsel and to the Board when it investigated the matter.

Attorney Gramling did not file an answer to the Board's complaint in this proceeding and did not object to the referee's granting a default judgment on the Board's complaint. The referee, Attorney Stanley Hack, made the following findings of fact based on the allegations of that complaint.

28

Attorney Gramling was retained in June, 1983 to pursue a personal injury claim against the city of Milwaukee. Although he timely filed a notice of claim, he did not obtain the client's medical records for review and investigation or take any other action in the matter until he filed an action against the city in circuit court in June, 1986. He failed to appear on the city's motion for summary judgment in that action, which was granted on the ground that the city had not yet disallowed the client's claim of injury, as Attorney Gramling had filed the civil action only three days after he had filed the claim with the city. Further, the statute of limitations had barred the civil action. Attorney Gramling did not advise his client that when it granted the city's summary judgment motion, the court entered a judgment for costs against the client for $230; he also did not advise the client that the court had dismissed the action. The client subsequently succeeded in a malpractice action against Attorney Gramling and was awarded $4,500 in damages.

When the client filed a grievance and the Board requested a response, Attorney Gramling obtained an extension of time to file a response. He filed the response but did not respond to two subsequent letters from the Board asking for further specifics regarding the client's grievance. When the Board directed him to appear at an investigative meeting, he did so but did not bring with him, as he had been directed to do, copies of his state and federal income tax returns for 1988 through 1991. At that meeting, he told the Board he would not produce those returns unless it ordered him to do so. Thereafter, when the Board insisted, he agreed to produce the tax returns but did not do so on the date promised and did not respond to further requests from the Board for those returns. The Board's

investigation disclosed that Attorney Gramling had not filed any income tax returns for the years in question.

On the basis of those facts, the referee concluded that Attorney Gramling neglected the client's claim against the city, in violation of former SCR 20.32(3),[1] failed to communicate with his client or respond to her requests for information concerning the status of her legal matter and keep her informed of developments in that matter, in violation of former SCR 20.32(3), and failed to cooperate in the Board's investigation into his conduct in the matter, in violation of SCR 21.03(4)[2] and 22.07(2).[3] As discipline for that misconduct, the referee

---

[1] Former SCR 20.32 provided:

**Failing to act competently**. A lawyer may not:

. . .
(3) Neglect a legal matter entrusted to the lawyer.
The corresponding current rule is SCR 20:1.3.

[2] SCR 21.03 provides:

**General principles.**

. . .
(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board of administrator.

[3] SCR 22.07 provides:

**Investigation.**

. . .
(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

recommended that the court suspend Attorney Gramling's license to practice law for six months. The referee noted that the misconduct considered in this proceeding is similar in many respects to the misconduct for which Attorney Gramling was twice previously disciplined. The referee also recommended that Attorney Gramling be required to pay the costs of this proceeding.

We adopt the referee's findings of fact and conclusions of law and determine that the recommended discipline to be imposed for Attorney Gramling's misconduct is appropriate.

IT IS ORDERED that the license of Gregory Gramling, Jr. to practice law in Wisconsin is suspended for a period of six months, commencing January 17, 1994.

IT IS FURTHER ORDERED that within 60 days of the date of this order Gregory Gramling, Jr. pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Gregory Gramling, Jr. to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Gregory Gramling, Jr. comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.